IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| MICHAEL MCCABE,<br><br>              Plaintiff,<br><br>v.<br><br>RIVERSIDE REGIONAL HOSPITAL, ET AL,<br><br>              Defendants. | Civil No. 4:23-cv-00111-RBS-RJK |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

NOW COMES Defendant, Defendant Orthopaedic Surgery and Sports Medicine Specialists of Hampton Roads P.C d/b/a Orthopaedic & Spine Center (incorrectly named as Orthopaedic & Spine Center of Newport News OSC) (hereinafter referred to as "Defendant OSC"), by counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for its Memorandum of Law in Support of its Motion to Dismiss, states as follows:

***Roseboro* Notice**

In accordance with Local Rule 7(K), counsel for Defendant OSC hereby notifies the *pro se* Plaintiff, Michael McCabe of the following:

1. **Plaintiff is entitled to file a response opposing this Motion, which must be filed within twenty-one (21) days of the date upon which this Motion is filed.**

2. **If Plaintiff does not file a response, the Court can dismiss this action based on this Motion.**

3. **In Plaintiff's response, Plaintiff must identify all facts stated by Defendant OSC with which Plaintiff disagrees, and Plaintiff must set forth his version of the facts, supported by affidavit (a written statement sworn to before a notary public and signed under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury).**

4. **Plaintiff is also entitled to file a legal brief in opposition to this Motion.**

I. **INTRODUCTION**

The Complaint attempts to set forth a claim pursuant to 42 U.S.C. § 1983 against Defendant OSC alleging only that (1) Defendant OSC "performed its services on May 27, 2022" (Compl. 4); (2) Defendant OSC "failed to publicly post [its] prices, and would not provide them when asked on the day of the services [and] billed the plaintiff ex post facto" (Compl., 5); and therefore "illegally billed the plaintiff a total of $3,175.41" (*Id.*). However, none of the alleged facts give rise to a claim pursuant to 42 U.S.C. § 1983 or any requested relief sought by Plaintiff in the prayer for relief.

As set forth herein, Plaintiff must allege a violation of a right secured by the United States Constitution and/or federal law and demonstrate that the violation was committed by a person acting under the color of state law in order to state a valid claim under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Neither element has been (or can be) alleged against Defendant OSC, and therefore, Plaintiff's sole claim against Defendant OSC fails as a matter of law.

Moreover, Plaintiff's bare-boned, conclusory allegations are devoid of any justification for the relief it requests, and it does not lodge a single non-conclusory allegation of any misconduct against Defendant OSC that supports a viable claim under the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. The Complaint sets forth no <u>specific</u> facts that would form the basis for any cause of action, and the allegations do not entitle Plaintiff to punitive damages requested in the prayer for relief. These deficiencies cannot be cured, and Plaintiff should not be allowed leave to amend these claims again as such amendments would be futile.

For these reasons, Defendant OSC requests that the Court grant its Motion to Dismiss and dismiss the Complaint in its entirety, with prejudice

## II.     STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), Plaintiff's Complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "establish[es] facial plausibility by pleading factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (citation and internal quotation marks omitted). Moreover, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Defendant OSC recognizes that Plaintiff's *pro se* status entitles his pleadings to a more liberal construction. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (per curiam) (citations omitted). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "Even pro se plaintiffs must recognize Rule 8's vision for 'a system of <u>simplified pleadings</u> that give notice of the general claim asserted, allow for the preparation of a basic defense, <u>narrow the issues</u> to be litigated, and provide a means for quick dispositions of sham claims.'" *Sewraz v. Guice*, No. 3:08-CV-00035, 2008 U.S. Dist. LEXIS 65910, at *2 (E.D. Va. Aug. 26, 2008) (emphasis in original) (quoting *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)). "Although courts must typically construe a *pro se* plaintiff's pleadings liberally, a court is not required to accept a *pro se* plaintiff's legal conclusions that are presented as factual allegations. Nor should [it] accept, as facts, unwarranted inferences, unreasonable conclusions, or arguments." *Mullins v. Wells Fargo Bank, N.A.*, No. 3:16-CV-00841, 2017 WL 1202656, at *3 (E.D. Va. Mar. 30, 2017) (citations omitted).

### III. <u>ARGUMENT</u>

Plaintiff's Complaint fails to state a claim against Defendant OSC under 42 U.S.C. § 1983, fails to satisfy minimal pleading standards under Rule 8 to assert any viable claim against this Defendant, and fails to assert allegations that meet the heightened pleading standard for punitive damages. Accordingly, Plaintiff's Complaint is not viable, as a matter of law, and must be dismissed with prejudice as to Defendant OSC.

**A. <u>Plaintiff fails to state a claim for violation of civil rights pursuant to 42 U.S.C. § 1983.</u>**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a violation of a right secured by the United State Constitution and the laws of the United States and (2) must demonstrate that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Davis v. Hudgins*, 896 F. Supp. 561, 569 (E.D. Va. 1995), *aff'd*, 87 F.3d 1308 (4th Cir. 1996). Neither of these elements have been alleged in this case, nor can the Complaint be amended to satisfy these necessary elements of a viable Section 1983 claim against Defendant OSC. Accordingly, Plaintiff's entire Complaint should be dismissed, with prejudice.

1. *<u>Plaintiff fails to allege facts sufficient to demonstrate that Defendant OSC is a state actor, or "acted under the color of state law."</u>*

This Court must dismiss Plaintiff's constitutional claims because Plaintiff's Complaint fails to allege any facts which, if true, would demonstrate that this Defendant acted under the color of state law. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "To constitute state action, 'the deprivation

4

must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id*. (quoting *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1982)).

Here, the Complaint fails to assert any facts, or check any box on the Complaint form, which demonstrates he is bringing suit against a federal, state or local official, or that Defendant OSC was acting under a right or privilege created by the Commonwealth of Virginia. In fact, Defendant OSC is a private medical group practice providing orthopedic and interventional pain management care and services to the public.[1] Defendant OSC is a private entity, and Plaintiff does not and cannot allege otherwise. The Plaintiff's plain, conclusory allegation that a private entity's alleged failure to publicly post its prices for medical services prior to treatment is insufficient to establish that this Defendant was a state actor in the context of a Section 1983 claim.

Because Plaintiff failed to allege facts sufficient to demonstrate that Defendant OSC is a state actor or was acting "under the color of state law," he has failed to state a claim upon which this Court can grant relief. Further, this deficiency cannot be cured by amendment: Defendant OSC is a private entity and no amount of pleading can change that. Dismissal should therefore be with prejudice.

> 2. *Plaintiff fails to allege a violation of a right secured by the Constitution or federal law to support a 1983 claim.*

The failure to allege facts to demonstrate Defendant OSC is a state actor alone is enough to warrant dismissal of the Complaint, with prejudice. However, even if Plaintiff were to somehow

---

[1] https://www.osc-ortho.com/about-us/

cure this fatal remedy, the Complaint also does not allege any violation of a federally protected right arising from federal law to support a Section 1983 claim.

Section 1983 only provides a remedy when the plaintiff demonstrates a violation of a right protected by the federal Constitution or by a federal statute other than Section 1983. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979). Importantly, Section 1983 "is not 'a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 (1979)). Thus, absent an alleged violation of a federally protected right, Plaintiff's Section 1983 claim fails as a matter of law.

Plaintiff's sole, conclusory allegation against Defendant OSC is that it performed services on May 27, 2022 and failed to publicly post its prices for medical services prior to treatment and billing for services. There is no allegation that Defendant OSC was required under federal law or otherwise, to publicly post its prices – likely because no such federal statute exists. There is also no allegation that Defendant OSC's failure to post pricing violated Plaintiff's federally protected rights. Absent an allegation of an independent violation of an established constitutional right, Plaintiff has not stated a claim against Defendant OSC, and his Complaint should be dismissed, with prejudice.

**B.      The Complaint fails to satisfy minimal pleading standards under Rule 8.**

Applying the two-prong approach set forth in *Iqbal* and *Twombly*, it is clear that the Plaintiff's Complaint must be dismissed for failure to state a claim. A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. Pleading legal conclusions alone is insufficient and a court is not required to accept such allegations, as "the Court may not construct a plaintiff's legal arguments." *Negron-Bennett*

6

*v. McCandless,* No. 1:13-CV-00387, 2013 U.S. Dist. LEXIS 103681, at *9 (E.D. Va. July 24, 2013); *Marks v. Crawford*, 882 F. Supp. 530, 532 (E.D. Va. 1993); *Townsend v. Fannie Mae*, 923 F. Supp. 2d 828, 832 (W.D. Va. 2013). While a *pro se* litigant is held to a "less stringent standard than formal pleadings drafted by lawyers[,] . . . this consideration does not constitute a license . . . to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert." *Negron-Bennett*, 2013 U.S. Dist. LEXIS 103681, at *23 ("Furthermore, the Court believes that the aforementioned pleading deficiencies significantly prejudice Defendants' ability to frame responsive pleadings, formulate proper defenses, and would likely subject the parties to excessive and unnecessary discovery.").

Here, the Complaint is completely devoid of any justification for the relief it requests, and it does not lodge a single non-conclusory allegation of any misconduct against Defendant OSC that supports a viable claim. The Complaint sets forth no <u>specific</u> facts that would form the basis for any cause of action.

Defendant OSC's ability to frame appropriate responsive pleadings and formulate proper defenses is prejudiced because of the Plaintiff's lack of reasoning for the relief he requests. *See id*. Thus, the Plaintiff's assertions fail to give rise to a single cause of action against Defendant OSC, and are legally insufficient under the standard set forth in *Iqbal*, *Twombly*, and the pleading standards required by Rule 8. The Plaintiff simply fails to assert any cause of action, and the "Court [should] not make Plaintiff[']s case for [him]." *Id*. Accordingly, the Court should dismiss the Complaint with prejudice for failure to state a claim pursuant to Rule 12(b)(6).

      C.      <u>**Plaintiff is not entitled to receive punitive damages.**</u>

As noted herein, Plaintiff's only claim under 42 U.S.C. § 1983 fails as a matter of law, and accordingly he has no basis for the receipt of punitive damages. Further, even if this claim could survive this Motion, he fails to meet the threshold for punitive damages. A notoriously high bar to

7

reach, punitive damages are available under the common law in an action under 42 U.S.C. § 1983 only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Plaintiff's Complaint certainly does not allege conduct by Defendant OSC that is motivated by evil motive or intent or that involves reckless or callous indifference to federally protected rights. Accordingly, Plaintiff has no basis for the receipt of punitive damages, and the Court should strike his plea for the same.

## IV.   CONCLUSION

For the reasons set forth above, Defendant OSC respectfully requests that the Court enter an order: (1) granting its Motion to Dismiss; (2) dismissing the entire Complaint with prejudice as to Defendant OSC; (3) awarding Defendant OSC its fees and costs, including attorneys' fees incurred herein, and (4) awarding such further and other relief as this Court deems appropriate.

Dated: September 29, 2023

Respectfully submitted,

/s/ *Lauren S. Kadish*
Lauren S. Kadish (VSB 92822)
Kaufman & Canoles, P.C.
150 West Main Street
Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (888) 360-9092
lskadish@kaufcan.com

*Defendant Orthopaedic Surgery and Sports Medicine Specialists of Hampton Roads P.C dba Orthopaedic & Spine Center (incorrectly named as Orthopaedic & Spine Center of Newport News OSC*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September, 2023, I will electronically file the foregoing document with the Clerk of the Court using the CM/ECF system, and I hereby certify that I will mail the document by First-Class mail, postage paid to the following non-filing user:

Michael McCabe
218 Center Avenue
Newport News, VA 23601
*Plaintiff, pro se*

/s/ *Lauren S. Kadish*
Lauren S. Kadish (VSB 92822)
Kaufman & Canoles, P.C.
150 West Main Street
Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (888) 360-9092
lskadish@kaufcan.com

*Defendant Orthopaedic Surgery and Sports Medicine Specialists of Hampton Roads P.C dba Orthopaedic & Spine Center (incorrectly named as Orthopaedic & Spine Center of Newport News OSC*