IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Newport News Division)

MICHAEL McCABE,

      Plaintiff,

v.                                                            Case No. 4:23cv111

RIVERSIDE HOSPITAL, INC.,
ORTHOPAEDIC & SPINE CENTER
NEWPORT NEWS | OSC, SENTARA
HEALTHCARE, CHILDREN'S HOSPITAL
OF THE KING'S DAUGHTERS,

      Defendants.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

NOW COMES Defendant Sentara Health,[1] by and through the undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)), and for its Memorandum in Support of Motion to Dismiss, states as follows:

### *Lack of Subject Matter Jurisdiction*

1. The Plaintiff has failed to plead grounds for federal court subject matter jurisdiction. "Federal courts are courts of limited jurisdiction; their jurisdiction will not be presumed. *Lehigh Mining & Manufacturing Co. v. Kelly,* 160 U.S. 327, 337, 16 S.Ct. 307, 311, 40 L.Ed. 444 (1895). Accordingly, plaintiffs must affirmatively plead the jurisdiction of the federal court. FRCP 8(a)(1); *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)." Dracos v. Hellenic Lines Ltd., 705 F.2d 1392, 1395 (4th Cir. 1983), on reh'g, 762 F.2d 348 (4th Cir. 1985).

---

[1] The Plaintiff brought this suit against Sentara Healthcare. The entity's correct legal name is Sentara Health.

2.      Here, the Plaintiff has not made any jurisdictional allegations whatsoever.  His Complaint should be dismissed on this ground alone.  Moreover, even looking beyond the Complaint's blank "Basis for Jurisdiction" Section, it is clear from the remainder of the Complaint that the Plaintiff has failed to allege any basis for federal court jurisdiction.

3.      The Plaintiff identifies no grounds for federal question subject matter jurisdiction.  The Plaintiff cites no federal statute under which his purported claim arises.  "In determining whether a claim 'arises under' the laws of the United States, courts abide by the 'well-pleaded complaint rule,' assessing whether the plaintiff's cause of action — as stated on the face of the complaint — has some basis in federal law."  Old Dominion Elec. Coop. v. PJM Interconnection, LLC, 24 F.4th 271, 279 (4th Cir.), cert. denied, 143 S. Ct. 87, 214 L. Ed. 2d 15 (2022).  Absent a well-pleaded complaint setting out on its face some basis for his claim under federal law, the Plaintiff has not pled federal question subject matter jurisdiction.  Id.  See also Freeman v. Aqua Am., Inc., No. CIV. A. 3:09CV687, 2010 WL 2384598, at *2 (E.D. Va. June 9, 2010) (applying the well-pleaded complaint rule in finding that a pro se plaintiff had failed to establish federal question subject matter jurisdiction).

4.      The Plaintiff has likewise not pled diversity jurisdiction.  Indeed, it appears that diversity of citizenship is totally lacking, with the Plaintiff and Sentara Health both being citizens of Virginia.  Likewise, the Plaintiff cannot satisfy the amount in controversy element of diversity jurisdiction because his claim against all defendants totals only $3,175.41.

5.      Accordingly, this case should be dismissed for lack of subject matter jurisdiction.

***Failure to State a Claim***

6.      In addition, this case should be dismissed for failure to state a claim.

7.      The sum total of the Plaintiff's allegations pertaining to Sentara Health are as follows: "Sentara Obici performed their services on July 10th, 2022;" "All four defendants failed

to publicly post their prices, and would not provide them when asked on the day of services;" "All four defendants billed the plaintiff ex post facto;" and "The four defendants have illegally billed the plaintiff a total of $3,175.41."

8. "Plaintiff's conclusory statements are precisely the type of 'unadorned, the-defendant-unlawfully-harmed-me accusations' the Supreme Court forbade in *Iqbal*, 556 U.S. at –––, 129 S.Ct. at 1949–50." Freeman v. Aqua Am., Inc., No. CIV. A. 3:09CV687, 2010 WL 2384598, at *2 (E.D. Va. June 9, 2010) (holding a pro se plaintiff failed to state a claim).

9. To survive a motion to dismiss, even a pro se plaintiff's Complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Hardee v. Walz, No. 3:20CV729, 2023 WL 5673952, at *5 (E.D. Va. Sept. 1, 2023) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal punctuation omitted).

10. Here, the Complaint does not give Sentara Health fair notice of what the claim is. For example, Sentara Health is not told which portion of the Plaintiff's purported claim pertains to its services, which portion (if any) of those services the Plaintiff challenges, or under what basis (statutory, contract, tort) the Plaintiff contends Sentara Health owed him a duty "publicly post their prices" or "provide them when asked." Nor has the Plaintiff alleged in what way any of this has caused him harm.

11. Neither Sentara Health nor the Court can be asked to act as the Plaintiff's "advocate and develop . . . claims that the [Plaintiff] failed to clearly raise on the face of his complaint." Id. (quoting Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997)).

12. Accordingly, the Plaintiff's Complaint should be dismissed for failure to state a claim.

Dated: October 2, 2023          Respectfully submitted,

*/s/*
Jason E. Ohana (VSB #82485)
Counsel for Sentara Health
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566
johana@wilsav.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October, 2023, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, and will send notification of such filing via U.S. Mail to the following:

Michael McCabe, *pro se*
218 Center Avenue
Newport News, VA 23601

/s/
Jason E. Ohana (VSB #82485)
Counsel for Sentara Health
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566
johana@wilsav.com

4